**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ERICA MAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: |
| ) | |
| RIVERVIEW GARDENS ) | |
| SCHOOL DISTRICT ) | |
| ) | **JURY TRIAL DEMANDED** |
| Serve at: ) | |
| ) | |
| C/O SUPERINTENDENT OF DISTRICT ) | |
| 1370 NORTHUMBERLAND DR ) | |
| ST LOUIS, MO 63137 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Erica M. May ("Plaintiff") by and through counsel, and for her Complaint directed against the Riverview Gardens School District ("Defendant"), states as follows:

## THE PARTIES

1. Plaintiff May is an African-American female and a citizen of the United States residing in St. Louis, County Missouri.

2. Between March of 2009 and September of 2013, Plaintiff was employed by Defendant as a Financial Accounting Assistant and eventually as the district's Business Manager. As Business Manager, Plaintiff's duties included producing various financials for Defendant, such as audits of payroll transactions, monthly financial reports, and bank reconciliations, among many other duties.

1

3. Defendant Riverview Gardens School District ("Riverview Gardens") is a School District within St. Louis County and government entity authorized under the laws of the State of Missouri.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, and the Equal Pay Act of 1963, codified as FLSA § 6(d), 29 U.S.C. § 206(d); and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

` 5. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri.

## COMMON FACTUAL ALLEGATIONS

6. On July 2, 2014, the EEOC issued a Notice of Right to Sue for the above charge of discrimination, a copy of which is attached with this Petition. May filed this action within 90 days of the date of this Notice of Right to Sue, and within two (2) years of the last act of sex and race discrimination alleged herein.

7. At all relevant times herein, May was an employee of Riverview Gardens.

## COUNT I
## (DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964)

8. Plaintiff repleads and incorporates herein by reference, as if more fully set forth herein, each and every allegation set forth in the above-stated paragraphs.

9. May, as well as other African-American females who worked for Defendant, was treated differently in her terms and conditions of employment than other Caucasian and male co-workers.

10. Defendant fostered a culture of race and sex discrimination by managing, disciplining, and compensating Plaintiff differently than her male and Caucasian counterparts.

11. Plaintiff was subject to harsh discipline and criticism for minor mistakes and for mistakes that she did not make, while other Caucasian and male employees were not subject to the same criticism or over-zealous and fabricated reviews.

12. In July of 2010, Plaintiff applied for a promotion with Defendant for the Chief Financial Officer ("CFO") position.

13. Plaintiff was denied the advancement in employment because of her sex and race.

14. Defendant hired a white male to become interim CFO.

15. Defendant later hired another male for a position to work closely with the CFO, but this position had no job description, was not part of the staffing plan, and was not approved by the school's administrative board.

16. Plaintiff was paid significantly less than the male who was hired for this similar position even though they had substantially the same and equal job duties.

17. Defendant was also compensated substantially less because of her race and sex when compared to comparable positions in other districts.

18. Defendant performed two separate audits of its employees' salaries to align them with other comparable districts in the St. Louis metropolitan area.

19. Even though **both** audits showed that Plaintiff was substantially underpaid for a district of Defendant's size, Plaintiff, like most other African-American females, was not given a raise to match the comparable districts.

20. Caucasians and males were disproportionately given raises to match the figures portrayed in the audits compared to African-American females.

21. As an African-American female, May is a member of a protected class in both her race and her sex.

22. Plaintiff was qualified for her position as Business Manager.

23. May suffered numerous adverse employment actions throughout her employment with Defendant.

24. The adverse actions occurred under circumstances giving rise to an inference of discrimination.

25. Plaintiff's protected status as an African-American female was a motivating factor in the adverse employment decisions by Defendant.

26. Defendant engaged in unlawful employment practices in violation of 42 U.S.C. §§ 2000e-2(a) and 2000e-2(m) of Title VII by treating Plaintiff differently and subjecting her to adverse employment actions because of her sex and race. The effect of practices complained in Paragraphs 8-25 has been to deprive Plaintiff of equal employment opportunities and other adversely affect her status as an employee because of her sex and race.

27. The unlawful employment practices complained of in Paragraph 8-25 above were intentional.

28. The unlawful employment practices complained of in Paragraph 8-25 above were done with malice or with reckless indifference to Plaintiff's federally-protected rights.

29. As a direct result of Defendant's unlawful acts, as aforesaid, Plaintiff has suffered emotional distress and experienced lost wages, benefits, and loss of fringe benefits incident to employment and Plaintiff will continue to experience and suffer such damages into the future.

30. As a result of Defendant's conduct and allegations alleged herein, Plaintiff has incurred attorneys' fees and costs of litigation, and will continue to incur such fees and costs.

WHEREFORE, Plaintiff requests that this Court, after trial by jury, enter judgment for Plaintiff and against Defendant, in amounts to be determined at trial, for Plaintiff's lost wages and benefits of employment and interest thereupon for Defendant's breach; front pay; for emotional distress damages; for punitive damages; for attorney's fees and costs of litigation; that this Court enjoin Defendant from engaging in further discrimination, and for such other relief this Court deems just and proper.

## COUNT II
### (DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963)

31. Plaintiff repleads and incorporates herein by reference, as if more fully set forth herein, each and every allegation set forth in the above-stated paragraphs.

32. Beginning in of 2009 and ending September of 2013, Riverview Gardens violated provisions of the Equal Pay Act of 1963 ("EPA").

33. Defendant violated sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by not paying Plaintiff comparably to her male counterpart even though Plaintiff's duties were at least equal to her counterpart's skills efforts, responsibilities and being performed under the same or worse working conditions.

34. The EPA prohibits employers from paying an employee at a rate less than that paid to employees of the opposite sex for equal work.

35. As a result of the acts complained of above, Riverview Gardens unlawfully withheld the payment of wages due to Plaintiff.

36. The unlawful practices complained of in Paragraphs 31-35 above were willful.

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant as follows:

- A. Grant a permanent injunction enjoining Riverview Gardens and its officers, successors, and assigns, and all persons in active concert or participation with them, from the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex;

- B. Order Riverview Gardens to make Plaintiff whole by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial;

- C. Grant a judgment requiring River Gardens to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and pre-judgment interest to Plaintiff, whose wages are being unlawfully withheld as a result of the acts complained of in Paragraphs 31-35 above.

## COUNT III
### (DISCRIMINATION UNDER THE FAMILY MEDICAL LEAVE ACT)

38. Plaintiff realleges each and every allegation as contained above and hereby incorporates them by this reference as if fully set forth herein

39. Plaintiff was eligible for leave under the FMLA as Plaintiff worked for Defendant for more than a year and as Plaintiff worked for Defendant for more than 1250 hours during the previous twelve (12) months prior to her need for leave.

40. During the relevant times, Defendant was engaged in activities that affected interstate commerce and had more than 50 employees in a 75 mile radius.

6

41. Plaintiff needed time off work for a serious health condition in September of 2013.

42. Plaintiff needed leave under the FMLA to rectify the serious health condition.

43. Defendant's employees are covered by the FMLA, 29 U.S.C. §2601 et seq.

44. Defendant is a covered employer under the FMLA.

45. Plaintiff qualified for and was entitled to the protections and rights under the FMLA, including leave.

46. Defendant interfered with Plaintiff's FMLA rights and leave when it terminated Plaintiff's health insurance coverage while she was out on FMLA leave.

47. Plaintiff suffered an impairment of her FMLA rights which substantially prejudiced her as she was subsequently rendered unable to exercise the right to leave in a meaningful way.

48. Plaintiff was constructively discharged as a result of the FMLA violation.

49. Plaintiff resigned her position after the FMLA violation, as she needed to find new employment with health insurance coverage.

50. Defendant knew or showed reckless disregard that its conduct was prohibited by law.

51. Defendant's interference was in willful violation of the FMLA.

52. Plaintiff's constructive discharge was a willful violation of the FMLA.

53. The above actions by Defendant constitutes violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

54. As a proximate result of Defendant's violations of the FMLA, Plaintiff has been damaged in an amount to be determined according to proof.

55. Plaintiff is entitled to both compensatory and liquidated damages as well as attorney's fees and costs from Defendant's violation(s) of the FMLA.

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant as follows:

For general, special, compensatory and liquidated damages in an amount according to proof; for applicable prejudgment interest; for attorney fees and costs of suit; and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

THE POWDERLY LAW FIRM, LLC

By: */s/ Timothy P. Powderly*
Timothy P. Powderly, MBE #64092
Attorney for Plaintiff
11965 St. Charles Rock Road, Suite 202
Bridgeton, Missouri 63044
(314) 770-9890/FAX 739-1355